# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| LANNY LEIVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-6062-CV-SJ-NKL-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Lanny Leivan challenges the Social Security Commissioner's denial of his application for disability income benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et. seq*. Leivan argues that the Administrative Law Judge ("ALJ") erred in finding him not disabled because the ALJ should have found that Leivan met or equaled a Listing under 12.05(C). Because substantial evidence exists on the record for the ALJ's decision, the Court affirms the ALJ's decision.

Leivan filed for disability in January 2008, claiming back injury, status post-neck surgery, knee and heart problems, and depression. At an administrative hearing on February 18, 2010, Leivan testified that he lived with his wife and three children, ages 18, 17, and 3. On an ordinary day, he cared for his three year-old daughter while his wife was at work, prepared simple meals, vacuumed, washed dishes, swept, cleaned the bathroom, and did laundry. (Tr. 53-54). He had completed the ninth grade, and took special education classes while in school. He could count change, read, write, had a driver's license, and could drive. (Tr. 47). However, Leivan testified that

1

his wife helped him complete disability forms by explaining some of the words and he could not follow a recipe without help. He stated that he stopped working in February 2007 because of pain in his neck and back, but worked for a short time stocking shelves at a grocery store in 2007. Leivan also worked for Wal-mart for several years, and as a certified nurse assistant for two to three years. (Tr. 50-51). He worked for one year sorting recyclables before becoming a supervisor at the recycling center. (Tr. 51). Leivan's attorney contended that Leivan's impairments met a Listing under 12.05(C), but the ALJ rejected this argument, and found Leivan not disabled.

In reviewing a denial of disability benefits, the Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). "Substantial evidence is evidence that a reasonable person might accept as adequate to support a decision." *Cox v. Barnhart*, 245 F.3d 606, 608 (8th Cir. 2003) (internal quotes omitted).

Leivan's only argument on appeal is that the ALJ erred in finding that Leivan's impairments did not meet a Listing under 12.05(C). In order to meet a Listing under 12.05(C), Leivan must satisfy three elements:

> 1) mental retardation, i.e., significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22;
>
> 2) a valid verbal, performance or full scale IQ in the range specified by Listing 12.05(C); and
>
> 3) a physical or other mental impairment that is severe within the meaning of 20 C.F.R. 404.1520(c) or 416.920(c).

*See Gasaway v. Apfel*, 195 F.3d 345 (8th Cir. 1999). The parties agree that Leivan has satisfied element (3), but disagree over whether Leivan has satisfied elements (1) or (2).

The Commissioner argues that Leivan cannot satisfy element (1) because substantial evidence existed for the ALJ's conclusion that Leivan did not have significantly subaverage intellectual functioning or deficits in adaptive functioning as required to meet the Listing. Leivan did not address this argument in his briefing. The ALJ notes that Leivan testified at the hearing that he can read, write, and do math, drives with driver's license, and has held a number of skilled and unskilled jobs. [Doc. # 5-3 at 16]. In fact, Leivan has worked as a certified nurse's assistant and as a supervisor at a recycling center. Leivan has not disputed that this testimony accurately reflected his capacity, and has not argued that his capacity has declined since the hearing. Thus, substantial evidence exists for the ALJ's conclusion that Leivan does not meet the requirements of Listing 12.05, and Leivan's only argument on appeal fails. *See Johnson v. Barnhart*, 390 F.3d 1067, 1071 (8th Cir. 2004). Because Leivan does not satisfy element (1), the Court need not address Leivan's argument that the ALJ erred because Leivan's IQ met the requirements of the Listing.

Accordingly, it is hereby ORDERED that the Petition [Doc. # 3] is DENIED. The decision of the ALJ is AFFIRMED.

        s/ Nanette K. Laughrey  
        NANETTE K. LAUGHREY  
        United States District Judge

Dated: February 29, 2012  
Jefferson City, Missouri